IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 21, 2013

**DAYLON DEMETRIC ROBERTS v. DAVID SEXTON, WARDEN**

**Appeal from the Criminal Court for Johnson County**
**No. 6229      Lynn W. Brown, Judge**

**No. E2013-01034-CCA-R3-HC - Filed September 13, 2013**

Petitioner, Daylon Demetric Roberts, appeals the Johnson County Criminal Court's summary dismissal of his petition for writ of habeas corpus regarding his convictions for first degree felony murder. The trial court merged the convictions into one judgment and sentenced petitioner to life imprisonment. *State v. Daylon Demetric Roberts*, No. 03C01-9403-CR-00117, 1994 WL 540555, at \*1 (Tenn. Crim. App. Oct. 5, 1994), *perm. app. denied* (Tenn. Mar. 6, 1995). Petitioner argues that the judgment of the trial court was void due to a defective indictment. The State filed a motion to dismiss asserting that petitioner's indictment was legally sufficient. The habeas corpus court granted the State's motion and dismissed the petition. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Daylon Demetric Roberts, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

I. Facts and Procedural History

This court summarized the facts of the case in petitioner's appeal:

In the early morning hours of August 31, 1992, [petitioner] and three other males observed a car parking in an Austin-Homes parking lot. Two men got out of the car, leaving Greg Norris, the driver, alone. [Petitioner] and his three companions approached the car intending to rob the driver. Two of the men walked past the car on the passenger side and then turned back. Roberts and the other would-be robber approached the driver's side. According to [petitioner's] companions and a witness who overheard the incident, [petitioner], who had a gun in his possession, demanded that the victim roll down his window and hand over his money. When the victim refused and started the car in an attempt to leave, [petitioner] shot him in the head.

This court affirmed petitioner's convictions on appeal. *Id.* Thereafter, petitioner unsuccessfully sought post-conviction relief. *Daylon Demetric Roberts v. State*, No. E1999-02180-CCA-R3-PC, 2000 WL 1772470 (Tenn. Crim. App. Dec. 1, 2000), *perm. app. denied* (Tenn. Apr. 30, 2001). He also unsuccessfully sought habeas corpus relief. *Daylon Roberts v. State,* No. E2004-02965-CCA-R3-HC, 2005 WL 1467922 (Tenn. Crim. App. June 21, 2005) (mem.).

Petitioner filed the instant petition for writ of habeas corpus on February 28, 2013. He alleged that the indictment underlying his first degree felony murder judgment was legally defective because it failed to allege that the criminal offense was committed prior to the return of the indictment. The state moved for a summary dismissal, which the habeas corpus court granted on March 25, 2013. Petitioner filed a motion to reconsider on April 5, 2013. The habeas corpus court denied that motion on April 8, 2013. Petitioner now appeals the habeas corpus court's dismissal.

## II. Analysis

"[T]he grounds upon which habeas corpus relief will be granted are narrow." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)). Habeas corpus relief is available to a petitioner only in the limited circumstances when the judgment is void on its face or the petitioner's sentence has expired. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). "'A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment.'" *Id.* (quoting *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). Conversely, a voidable conviction or sentence appears facially valid and requires the introduction of proof beyond the face of the record or judgment to determine its deficiency. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Dykes*, 978 S.W.2d at 529). The proper method for attacking a voidable judgment is by a petition for post-conviction relief, not habeas corpus. *Id.* (citing *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn. 1987)). The

court's decision with respect to a petition for a writ of habeas corpus is a question of law that we review de novo without a presumption of correctness. *Hart*, 21 S.W.3d at 903.

In habeas corpus proceedings, a petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A habeas corpus court may summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if the face of the record or judgment fails to indicate that the convictions or sentences are void. Tenn. Code Ann. § 29-21-109 (2000); *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

In this appeal, petitioner challenges the validity of the indictment. Petitioner maintains that the indictment is facially deficient and void because it did not specifically charge that the criminal act occurred prior to the return of the indictment. A valid indictment is an "essential jurisdictional element" to any prosecution. An indictment may be challenged through a petition for habeas corpus when the indictment is so defective as to deprive the trial court of jurisdiction to enter a judgment. *Dykes*, 978 S.W.2d at 529; *see Haggard v. State*, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). Our review of whether the indictment is void on its face is determinative of this case.

The habeas corpus court determined that relief should not be granted, and the record supports that conclusion. The indictment in this case was not defective. The record reflects that although the indictment did not state the specific day in August that the criminal offense took place, it stated that the offense took place in August 1992. The indictment was returned in November of 1992. The indictment, therefore, implicitly indicated that the criminal offense occurred prior to the indictment's return. To grant habeas corpus relief, the indictment must be so defective as to deprive the trial court of jurisdiction to enter a judgment. *Dykes*, 978 S.W.2d at 529. We conclude that the standard is not satisfied here. For these reasons, we affirm the judgment of the habeas corpus court summarily dismissing petitioner's original petition.

## CONCLUSION

Based upon our review of the record, the briefs of the parties, and the applicable law, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ROGER A. PAGE, JUDGE

-3-